UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21584

ERICKA VILLAVICENCIO,

    Plaintiff,

vs.

MHB CONSULTANTS, INC.,
AMADA TRO,
ELOISA ARANDIA, and
GEMA QUINTERO,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Ericka Villavicencio, sues Defendants, MHB Consultants, Inc., Amada Tro, Eloisa Arandia, and Gema Quintero, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Ericka Villavicencio**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    Ms. Villavicencio was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.    Ms. Villavicencio was a non-exempt employee of Defendants.

4.    Ms. Villavicencio consents to participate in this lawsuit.

5.    **Defendant, MHB Consultants, Inc.**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884    fax 305.230.4844
www.fairlawattorney.com

6. **Defendant, Amada Tro,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. **Defendant, Eloisa Aranca,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She also ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

8. **Defendant, Gema Quintero,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She also ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

9. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

10. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

11. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

12. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

13. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Ericka Villavicencio, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

14. Defendants have been at all times material engaged in interstate commerce in the course of their provision of comprehensive behavioral intervention services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

16. Defendants maintain a website at www.mhbconsultantsgroup.com, which they use for promotional and informational purposes, and which they use as a portal for processing information.

17. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical / healthcare payors and/or the United States government.

18. Defendants' individual and/or combined corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

19. In particular, Defendants own and operate an agency that provides behavioral therapy to clients using computers, software, phones, computer networking equipment, toner,

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

20. In particular, Plaintiff worked for Defendants as a Registered Behavior Technician ("RBT") from approximately 2015 through October 2018.

21. The Behavior Analyst Certification Board ("BACB") defines an RBT as "a paraprofessional who practices under the close, ongoing supervision of a BCBA, BCaBA, or FL-CBA."

22. Defendants paid for and/or employed the supervisor (as identified above) who established the plan of care for each patient visited by Plaintiff, including the number of hours and frequency of therapy that each child was to receive from Plaintiff.

23. In order for Defendants to be paid for the time expended by Plaintiff, Defendants needed to submit their provider number along with Plaintiff's provider number, since Plaintiff's provider number could not be submitted alone to receive payment.

24. Defendants controlled all job-related activities of Plaintiff.

25. Defendants coordinated all job-related activities of Plaintiff.

26. Defendants provided Plaintiff with the forms to utilize in her work.

27. Defendants supervised Plaintiff in her work.

28. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her</u> for the hours that she worked for Defendants during the last three months of her employment with them.

29. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

30. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Ericka Villavicencio, demands the entry of a judgment in her favor and against Defendants, MHB Consultants, Inc., Amada Tro, Eloisa Arandia, and Gema Quintero, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Ericka Villavicencio, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

31. Defendants have been at all times material engaged in interstate commerce in the course of their provision of comprehensive behavioral intervention services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

32. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

33. Defendants maintain a website at [www.mhbconsultantsgroup.com](www.mhbconsultantsgroup.com), which they use for promotional and informational purposes, and which they use as a portal for processing information.

34. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical / healthcare payors and/or the United States government.

35. Defendants' individual and/or combined corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

36. In particular, Defendants own and operate an agency that provides behavioral therapy to clients using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

37. In particular, Plaintiff worked for Defendants as a Registered Behavior Technician ("RBT") from approximately 2015 through October 2018.

38. The Behavior Analyst Certification Board ("BACB") defines an RBT as "a paraprofessional who practices under the close, ongoing supervision of a BCBA, BCaBA, or FL-CBA."

39. Defendants paid for and/or employed the supervisor (as identified above) who established the plan of care for each patient visited by Plaintiff, including the number of hours and frequency of therapy that each child was to receive from Plaintiff.

40. In order for Defendants to be paid for the time expended by Plaintiff, Defendants needed to submit their provider number along with Plaintiff's provider number, since Plaintiff's provider number could not be submitted alone to receive payment.

41. Defendants agreed to pay Plaintiff at a rate of $25/hour for each hour worked.

42. Defendants controlled all job-related activities of Plaintiff.

43. Defendants coordinated all job-related activities of Plaintiff.

44. Defendants provided Plaintiff with the forms to utilize in her work.

45. Defendants supervised Plaintiff in her work.

46. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884  fax 305.230.4844
*www.fairlawattorney.com*

47. Defendants did not pay Plaintiff for the time she expended traveling between appointments/clients.

48. Defendants did not pay Plaintiff for the time she was required to complete her notes for the sessions she had with each client.

49. Defendants did not pay Plaintiff for time expended on their behalf other than when Plaintiff was physically with the client.

50. Defendants willfully and intentionally refused to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours that she worked beyond 40 in a workweek.

51. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours that she worked beyond 40 in a workweek in violation of the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her overtime wages for all hours worked beyond 40 in a workweek, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime wage pay she earned.

52. Plaintiff is entitled to a backpay award of overtime wages of one and one-half times her regular rate of pay for all hours that she worked beyond 40 in a workweek, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Ericka Villavicencio, demands the entry of a judgment in her favor and against Defendants, MHB Consultants, Inc., Amada Tro, Eloisa Arandia, and Gema Quintero, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C.

8

§ 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiff, Ericka Villavicencio, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

53. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic*

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

9

*Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

54. Plaintiff and Defendants agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $25.00 for each hour that she worked for them.

55. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

56. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $25.00 for each of work that she worked for Defendants during the last three months of her employment, thereby breaching the oral contract/agreement they had.

57. Plaintiff has been damaged as a result of Defendants' failure to pay her for the work she performed during the last three months of her employment in a timely manner.

WHEREFORE Plaintiff, Ericka Villavicencio, demands the entry of a judgment in her favor and against Defendants, MHB Consultants, Inc., Amada Tro, Eloisa Arandia, and Gema Quintero, jointly and severally, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **COUNT IV – UNJUST ENRICHMENT**

Plaintiff, Ericka Villavicencio, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

58. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

59. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by him.

60. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants.

61. Plaintiff provided services on behalf of Defendants for their business, as requested, they submitted time expended by Plaintiff in order to be paid, and they received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

62. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits she conferred upon them during the last three months of her employment.

WHEREFORE Plaintiff, Ericka Villavicencio, demands the entry of a judgment in her favor and against Defendants, MHB Consultants, Inc., Amada Tro, Eloisa Arandia, and Gema Quintero, jointly and severally, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ericka Villavicencio, demands a trial by jury of all issues so triable.

Respectfully submitted this 14th day of April 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel: 305.230.4884
> *Counsel for Plaintiff*